FILED

February 26, 2018

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 12:32 PM



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT COOKEVILLE

| | | |
|---|---|---|
| JIMMY LEE, | ) | Docket No.: 2017-04-0215 |
| Employee, | ) | |
| v. | ) | State File No.: 3696-2017 |
| | ) | |
| SERVPRO HOLDING CO., INC. | ) | Judge Robert Durham |
| Employer, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| THE CHARTER OAK FIRE | ) | |
| INSURANCE COMPANY, | ) | |
| Insurer. | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

This case came before the Court for an Expedited Hearing on February 15, 2018. The issue is whether Mr. Lee is entitled to temporary disability benefits from September 15, 2016, until August 15, 2017. In addition to the defense of inadequate statutory notice, Servpro asserted a lack of relevant medical proof. The Court holds Mr. Lee is not likely to prove he provided adequate statutory notice, but Servpro failed to show any prejudice. However, Mr. Lee also failed to provide sufficient medical proof to establish his entitlement to additional temporary disability benefits. Thus, Mr. Lee's request for benefits is denied.

### History of Claim

On July 13, 2016, Mr. Lee was moving a drum of chemicals with an overhead crane when the crane malfunctioned, causing the drum to fall to the floor. Mr. Lee testified he used the right side of his body to keep the drum from tipping over. This action caused him to immediately fall to his knees due to severe pain in his neck, right shoulder and low back, and it took him several minutes to recover. Mr. Lee reported the incident to Hugh Lloyd, chemist for Servpro, and took him to inspect the hoist. During

1

his direct testimony, Mr. Lee stated he could not remember the exact conversation he had with Mr. Lloyd, but he reported the incident and showed him the hoist. It was only after repeated and pointed questions during cross-examination that Mr. Lee explicitly testified he remembered telling Mr. Lloyd that he injured himself during the incident.

Regardless, Servpro did not take any action to initiate workers' compensation benefits for Mr. Lee. Mr. Lee testified that he continued to experience significant pain from the injury. However, rather than request treatment from Servpro, he went to his family doctor, Hannah Ilia, M.D., over a month after the incident. Mr. Lee complained of right shoulder pain and motion limitation, but his primary issue appeared to be "passing out" when he stood up. Although Dr. Ilia saw Mr. Lee two more times and referred him to a cardiologist, the records do not mention any work-related incident or injury. Following an emergency room visit on September 10 for chest pain, Dr. Ilia referred Mr. Lee to a neurologist, James Anderson, M.D.

Dr. Anderson saw Mr. Lee on September 15, 2016. Mr. Lee made a multitude of complaints, including syncope, insomnia, muscle weakness, right arm and right leg pain and paresthesia, as well as headaches, and pain from his cervical spine through his lumbar spine. The records do not mention a work-related injury. Because of headaches and right cervical and right lumbosacral radicular pain, Dr. Anderson took Mr. Lee off work until he returned to see him following diagnostic tests.

On September 18, Mr. Lee completed a short-term disability claim form, certifying his responses were true and accurate. Mr. Lee stated his need for disability benefits was due to an illness not an injury. He also stated the condition was not work-related. At the hearing, Mr. Lee testified he only did so because he was afraid he would not get any benefits otherwise.

After applying for short-term disability, Mr. Lee underwent MRIs of the brain and cervical spine and other tests that revealed nothing significant. Dr. Anderson continued to treat Mr. Lee for syncope, right arm and right leg pain with weakness, and neck and low back pain for several months. On January 10, 2017, Dr. Anderson diagnosed him with worsening right arm and right leg pain. He gave him restrictions of sedentary work and ordered a lumbar MRI, which revealed a mild disc bulge at L5-S1. Again, Dr. Anderson did not mention a work-related injury in any of the notes.

Upon receiving the sedentary restrictions, Mr. Lee approached Servpro about seeking ADA leave. On January 16, he met with Servpro Benefits Analysist Tina Demonbreun. Mr. Lee testified that he reminded her of his work-related incident. Ms. Demonbreun testified she was "surprised" that Mr. Lee now claimed a work-related accident, since this was the first anyone in human resources heard of it.

After Mr. Lee orally reported the incident, Servpro asked him to provide a written

2

statement of his injury. In the statement, Mr. Lee wrote that the overhead crane released the drum prematurely and when it began to fall, he "put his right shoulder into it." He then wrote, "the pain hit about a week or 2 later." At the hearing, Mr. Lee attempted to explain this statement by saying the pain began immediately, but that it worsened to the point that he went to the doctor a week or two later. In addition to this statement, Mr. Lee testified that when he spoke to the adjuster investigating the claim and told her that his problems only began several days after the incident, he meant that the pain worsened to the point he felt he needed medical attention. Following the investigation, Servpro denied Mr. Lee's claim.

After the denial, Mr. Lee continued treatment with Dr. Anderson, but after filing a Petition for Benefit Determination in June, Servpro authorized him to treat at Nashville Neurosurgery Associates, where Jessica Pope, PA-C saw him. Mr. Lee told P.A. Pope that he had shooting pains in the right side of his back and right neck pain radiating into his shoulder. In his history, Mr. Lee recounted the same incident he gave to Servpro, except that P.A. Pope recorded that Mr. Lee stated he had immediate pain in his low back and right shoulder. P.A. Pope suspected the neck pain could be due to an injury to the right rotator cuff as opposed to the cervical spine. She referred Mr. Lee back to Dr. Anderson for epidural steroid injections in the low back and also recommended a right shoulder MRI. P.A. Pope did not address causation other than recording Mr. Lee's description of the June 2016 incident.

Following the shoulder MRI, Servpro began paying temporary disability benefits on August 16, 2017, at the stipulated compensation rate of $468.87. Mr. Lee also received treatment from orthopedist Chad Price, M.D.[1] Dr. Price performed shoulder surgery on October 27. However, Dr. Price did not give a causation opinion in the records provided to the Court. Following surgery, Dr. Price placed restrictions on Mr. Lee's activities that prevented him from returning to work. Servpro has continued paying temporary disability benefits while Mr. Lee recovers from surgery.

### Findings of Fact and Conclusions of Law

Mr. Lee has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, since this is an expedited hearing, he must only come forward with sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits in order to meet his burden. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Based upon his argument during the hearing, Mr. Lee's primary contention

---

[1] The parties did not make the report of the MRI to the right shoulder an exhibit or provide a complete copy of Mr. Lee's medical records with Dr. Price.

appears to be that since Servpro began providing disability benefits following the shoulder MRI, it cannot now deny his claim for temporary disability benefits due to being taken off work by Dr. Alexander on September 15, 2016. However, payment of benefits does not preclude an employer from later denying the claim on any grounds. Tenn. Code Ann. section 50-6-205(d)(2); *see also Dobbs v. Liberty Mut. Ins. Co.*, 811 S.W.2d 75, 78 (Tenn. 1991). Thus, the Court must determine whether Mr. Lee provided sufficient evidence to establish he is likely to prevail on the issues of notice and medical causation.

*Notice*

On July 13, 2016, the date Mr. Lee asserts he sustained his injury, Tennessee Code Annotated section 50-6-201(a)(1) required him to notify Servpro no more than fifteen days from the injury date unless he had a "reasonable excuse" for failing to do so. At the hearing, Mr. Lee testified that when he kept the barrel from tipping over, he immediately felt such severe pain in his neck, right shoulder, and low back that it caused him to fall to his knees and that he needed several minutes to recover. Given this testimony of such a sudden and acute event, the Court finds that, if true, Mr. Lee knew or should have known at the time of the alleged injurious event that he sustained a work-related injury. This triggered the notice requirement. Thus, Mr. Lee's credibility regarding his notice to the chemist, Mr. Lloyd, is critical in determining whether he met his statutory obligation to provide notice. Upon considering the evidence as a whole, the Court is not convinced of Mr. Lee's truthfulness on this point.

During his testimony, Mr. Lee was careful to state that while he did not remember "every word" of his conversation with Mr. Lloyd, he remembered describing the "incident" and showing him the crane. He avoided directly stating that he told Mr. Lloyd about an injury. On cross-examination, counsel confronted Mr. Lee about this ambiguity, and it was only after several direct questions that he testified he told Mr. Lloyd he hurt himself during the incident. The Court finds Mr. Lee's ambivalence on the stand rendered his testimony on this point suspect.

The lack of credibility is further bolstered by Mr. Lee's behavior in the months following the incident. Rather than obtain medical care through Servpro, Mr. Lee sought treatment with his family practitioner, Dr. Ilia, whose records contain nothing regarding a work-related injury. Dr. Ilia then referred him to Dr. Anderson, and again, Dr. Anderson's records do not refer to a work-related injury, despite several visits by Mr. Lee. Further, when Dr. Anderson placed sedentary restrictions in September 2016, Mr. Lee completed a form for short-term disability benefits affirmatively stating that his condition was not caused by a work-related injury. It was not until January 2017, when Mr. Lee required ADA leave to keep his employment, that he gave notice to human resources that he allegedly suffered a work-related injury on July 13, 2016. Even then, the statements he provided differed significantly from his testimony as to when he experienced symptoms and first provided notice. Mr. Lee attempted to explain these

4

inconsistencies, but the Court finds he did not do so convincingly.

Considering this inconsistent and contrary evidence, the Court finds Mr. Lee was not credible when he testified that he told Mr. Lloyd on July 13, 2016, that he sustained a work-related injury. Given this finding, the earliest notice provided to Servpro was January 16, 2017, several months after the fifteen-day deadline expired. Thus, the Court holds that Mr. Lee is not likely to establish that he provided statutory notice in accordance with Tennessee Code Annotated section 50-6-201(a)(1), nor did he have a reasonable excuse for failing to do so.

However, lack of notice will not serve as a bar to compensation unless "the employer can show . . . that the employer was prejudiced by the failure to give notice, and then only to the extent of the prejudice." Tenn. Code Ann. § 50-6-201(a)(3). The Appeals Board held that this provision applies even when the failure to provide notice was "not reasonable." *Buckner v. Eaton Corp.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 84, at *11-12 (Nov. 9, 2016). Here, Servpro did not provide any evidence as to how and to what extent it might have been prejudiced by Mr. Lee's lack of statutory notice. Therefore, the Court holds that it cannot deny Mr. Lee's claim based on lack of notice alone.

*Medical Causation*

Mr. Lee must show he is likely to prove causation in order to prevail. He must establish that he suffered an accidental injury that was "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A) (2017). He must also prove "to a reasonable degree of medical certainty that [the injury] contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C).

Here, Mr. Lee did not introduce any medical opinions establishing that any of his varied symptoms causally related to his alleged work-related injury. The only record that even references the asserted injury is P.A. Pope's, and she merely recounted the history Mr. Lee gave her at that time without providing an opinion. Further, a physician's assistant is not qualified to render a causation opinion, which is the province of medical doctors. *See Dorsey v. Amazon.com, Inc.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 13, at *9-10 (May 14, 2015). Given that Mr. Lee did not submit any medical evidence establishing causation, the Court holds that he is unlikely to prevail at a hearing on the merits regarding his entitlement to temporary disability benefits from September 15, 2016, through August 15, 2017.

5

IT IS, THEREFORE, ORDERED that:

1. Mr. Lee's request for temporary disability benefits from September 15, 2016, through August 15, 2017, is denied at this time.

2. This matter is set for a Scheduling Hearing on April 23, 2018, at 10:30 a.m. C.S.T. The parties or their counsel must call 615-253-0010 or toll-free at 855-689-9049 to participate in the hearing. Failure to call may result in a determination of the issues without your participation.

**ENTERED THIS THE 26th DAY OF FEBRUARY, 2018.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

6

# APPENDIX

Technical Record

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Amended Notice of Expedited Hearing
5. Motion and Order for Continuance
6. Employee's Expedited Hearing Brief
7. Employer's Expedited Hearing Brief

Exhibits

1. Mr. Lee's affidavit
2. First Report of Injury
3. Notice of Denial
4. Choice of Physician Form
5. Short Term Disability Claim Form
6. Written statement from Mr. Lee
7. Records of Dr. Chad Price
8. Records of Nashville Neurosurgery Associates
9. Medical Bills (for I.D. only)
10. Additional Medical Bills (for I.D. only)
11. ADA form completed by Dr. Anderson
12. Prescription List and Lumbar MRI
13. Medical records of Dr. Hanna Ilia
14. Medical records of Dr. James Anderson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 26th day of February, 2018.

| Name | Certified Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|---------|------------|-----------|---------------|
| Vanessa Hall | | | | X | vrhall@travelers.com |
| Brett Rozell | | | | X | brozell@rma-law.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims

8